**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Criminal No. 22-466 (DRD) |
| Plaintiff, | |
| v. | |
| **GRISELIDA LÓPEZ-GARCÍA,** | |
| Defendant. | |

**REPORT AND RECOMMENDATION**
**ON RULE 11(b) CHANGE OF PLEA HEARING**

**I.    Procedural Background**

On November 2, 2022, Defendant Griselida López-García was charged by a Grand Jury in a one-count indictment. Defendant agrees to plead guilty to Count One of the Indictment: re-entry of removed alien.

Count One of the Indictment charges that, on or about October 20, 2022, in the District of Puerto Rico, and within the jurisdiction of this Court, the defendant, Griselida López-García, who is an alien, as the term is defined in Title 8, United States code, Section 1101(a)(3), and who has been previously removed from the United States, was found in the United States, without obtaining, prior to her re-embarkation at a place outside the United States, the express consent of the Secretary of the Department of Homeland Security, to reapply for admission into the United States. All in violation of Title 8, United States Code, Section 1326(a).

On March 6, 2023, Defendant moved for a change of plea. Docket No. 27. On April 5, 2023, Defendant appeared before this Court for a change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. See United States v. Woodward, 387 F. 3d. 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 change of plea hearing). Defendant was advised of the purpose of the hearing and placed under

oath with instructions that her answers must be truthful because otherwise she could be charged with perjury.

## II.    Consent to Proceed Before a Magistrate Judge

Defendant was advised of her right to hold all proceedings, including this change of plea hearing, before a district court judge. An explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge was provided. Defendant was informed that, if she elects to proceed before a magistrate judge, the magistrate judge would conduct the hearing and prepare a report and recommendation, subject to the review and approval of the district judge.

Defendant was provided with a *Waiver of Right to Trial by Jury*, which she signed prior to the hearing. Docket No. 31. Defendant validated her signature and informed that her attorney had translated the document to Spanish and explained the document before signing the same. The Court found that Defendant voluntarily consented to proceed before a magistrate judge and approved Defendant's consent.

## III.    Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernández Wilson, 186 F. 3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea'". United States v. Cotal-Crespo, 47 F. 3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U. S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.

### A.  Competence to Enter a Guilty Plea

The Court questioned Defendant about her age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs or alcohol, and her understanding of the purpose of the hearing, to ascertain her capacity to understand, answer and comprehend the change of plea colloquy. The Court confirmed that Defendant received the Indictment and fully discussed the charge with her attorney, and that she was satisfied with the

USA v. Griselida López-García
Cr. No. 22-466 (DRD)
Report and Recommendation on Guilty Plea

advice and representation she received. The Court further inquired whether Defendant's counsel or counsel for the Government had any reservations as to Defendant's competency to plead, receiving answers that Defendant was competent to enter a plea. After considering Defendant's responses, and observing her demeanor, the Court found that Defendant was competent to plead and fully aware of the purpose of the hearing.

### B.  Voluntariness

Upon questioning, Defendant confirmed that no one made promises or assurances of any kind in exchange for her guilty plea. Defendant indicated that she was not being induced to plead guilty, that she was entering such plea freely and voluntarily because in fact she is guilty, and that no one had threatened her or offered a thing of value in exchange for her plea. Defendant understood that the offense to which she is pleading guilty is a felony and that, if the plea is accepted, she will be adjudged guilty of that offense, and that such adjudication may deprive her of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm. Importantly, Defendant was advised, and expressed to have understood that, because she is not a United States citizen, if accepted, her plea of guilty could result in negative immigration consequences, such as the removal or deportation from the United States, the denial of citizenship, and being barred from re-entry to the United States.

Throughout the hearing, Defendant was free to consult with her attorney or to seek clarification from the Court. She confirmed that her decision to plead guilty was made knowingly and voluntarily.

### C.  Maximum Penalties

Defendant expressed her understanding of the statutory maximum penalties for the offense to which she was pleading guilty. Count One of the Indictment carries a term of imprisonment of not more than two (2) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), and a term of supervised release of not more than one (1) year. In addition, a Special Monetary Assessment of one hundred dollars ($100.00) per count of conviction would be imposed, to be deposited to the Criminal Victims Fund, pursuant to Title 18, United States Code, Section 3013(a). Defendant indicated that she understood the maximum penalties applicable to Count One of the Indictment, that the offense charged is a felony, and the potential consequences of the guilty plea, such as the deprivation of certain valuable rights.

USA v. Griselida López-García
Cr. No. 22-466 (DRD)
Report and Recommendation on Guilty Plea

The Court then explained the nature of supervised release and the consequences of violating the conditions of supervised release. Specifically, Defendant was informed that, if supervised release is revoked, she may be required to serve an additional term of imprisonment up to the full term of supervised release originally imposed by the Court. And that, if she is currently on supervised release in a different case than the one object of the Indictment here, her plea of guilty, if accepted, could result in negative consequences, such as the revocation of her supervised release in that other case. The Court further advised Defendant that in certain cases the Court may also order, or be required to order, that Defendant pay restitution to any victim of the offense, and the Court may also require her to forfeit certain property to the Government. Defendant was also informed that any sentence imposed in this case could be imposed to run concurrently or consecutively to any sentences she may be currently serving in another case.

### D.  Sentencing Procedure

Defendant was informed that, in determining her sentence, the District Judge is required to consider, but not necessarily follow, the Sentencing Guidelines. Defendant confirmed that she discussed with her attorney how the Sentencing Guidelines might apply to this case. Defendant was specifically informed that the Court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate expected by her or provided by her attorney, and that the Court had the authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. Defendant was advised, and informed to have understood, that the Sentencing Guidelines are thus considered advisory, and that during sentencing the District Court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a), which include the seriousness of the offense, the need for deterrence of criminal conduct, the need to protect the public from further crimes, the need to provide Defendant with educational or vocational training, or medical care, and the need to provide restitution to any victims.

Defendant was advised that parole has been abolished and that, if she is sentenced to prison, she will not be released on parole. Further, Defendant was advised of her right to appeal and that, under some circumstances, she or the Government may have the right to appeal the sentence imposed by the Court. But that, by pleading guilty, she is limiting her right to appeal to situations in which her guilty plea is unlawful or involuntary, or if there is a fundamental defect in the

USA v. Griselida López-García
Cr. No. 22-466 (DRD)
Report and Recommendation on Guilty Plea

proceedings that was not waived by her plea of guilt, and to a statutory right to appeal a sentence if it is contrary to law. Defendant informed that she understood her right to appeal.

### E.  Waiver of Constitutional Rights

Defendant was specifically advised that she has the right to persist in a plea of not guilty and that, if she does, she has the right to a speedy trial by jury, or trial before a judge sitting without a jury if the Court and the Government so agree; that at trial she would be presumed innocent and the Government would have to prove her guilt beyond a reasonable doubt; that she would have the right to the assistance of counsel for her defense, and that, if she could not afford one, an attorney would be appointed to represent her throughout all stages of the proceedings; that at trial she would have the right to hear and cross examine all witnesses, the right to issue subpoenas or to compel the attendance of witnesses to testify at trial, and the right to testify or to remain silent. Defendant was further advised that if she decided not to testify or put on evidence at trial, the failure to do so could not be used against her, and that at trial the jury would have to return a unanimous verdict before she could be found guilty or not guilty.

Defendant specifically acknowledged understanding these rights. She reaffirmed her understanding that by entering a plea of guilty there would be no trial and she would be waiving or giving up the rights that the Court explained.

### F.  Offense Charged and Factual Basis for the Guilty Plea

Defendant was read in open court Count One of the Indictment. The Government explained the factual basis for the offense and the evidence it would present if this case were to proceed to trial. Upon questioning, Defendant admitted to the facts, constituting all the elements of the offense charged. Defendant admitted that she was pleading guilty because she is in fact guilty. Defendant pled guilty as to Count One of the Indictment.

### IV.    Conclusion

Defendant appeared before me, by consent, pursuant to Rule 11 of the Federal Rules of Criminal Procedures and entered a plea of guilty as to Count One of the Indictment.

After cautioning and examining the Defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, the Court finds that the defendant, **Griselida López-García**, is fully competent and capable of entering this guilty plea, is aware of the nature of the charge and the maximum statutory penalty it carries, understands that the charge is supported

USA v. Griselida López-García
Cr. No. 22-466 (DRD)
Report and Recommendation on Guilty Plea

by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with knowledge of the consequences of her guilty plea.

I recommend that the Court accept the guilty plea and that Defendant be adjudged guilty as to Count One of the Indictment.

**IT IS SO RECOMMENDED.**

This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed within fourteen (14) days of its receipt. Failure to file timely and specific objections to the Report and Recommendation is a waiver of the right to review by the District Judge. United States v. Valencia-Copete, 792 F. 2d 4 (1st Cir. 1986).

**A sentencing hearing will be scheduled by the presiding judge, Hon. Daniel R. Domínguez.**

In San Juan, Puerto Rico, this 10th day of April 2023.

s/Giselle López-Soler
GISELLE LÓPEZ-SOLER
United States Magistrate Judge